Steven B. Andersen (ISB No. 2618)
 sba@aswblaw.com
ANDERSEN SCHWARTZMAN
WOODARD BRAILSFORD, PLLC
101 S. Capitol Blvd., Suite 1600
Boise, ID 83702
Telephone: (208) 342-4411
Facsimile:  (208) 342-4455

*Attorneys for Plaintiff, CAO Lighting, Inc.*

Edgar R. Cataxinos (Utah Bar No. 7162)
*Pro Hac Vice pending*
 cataxinos@mcgiplaw.com
James E. Magleby (Utah Bar No. 7247)
*Pro Hac Vice pending*
  magleby@mgpclaw.com
Mark Arrington (Utah Bar No. 15527)
*Pro Hac Vice pending*
 arrington@mcgiplaw.com
MAGLEBY CATAXINOS & GREENWOOD
170 South Main Street, Suite 1100
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

*Attorneys for Plaintiff, CAO Lighting, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAO Lighting, Inc.,<br><br>            Plaintiff,<br>v.<br><br>LIGHT EFFICIENT DESIGN, and Electrical Wholesale Supply Co., Inc.<br><br>            Defendants. | **Case No.:**  1:16-CV-482<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff CAO Lighting, Inc. ("CAO" or "Plaintiff") through its counsel ANDERSEN

SCHWARTZMAN WOODARD BRAILSFORD, PLLC, alleges and complains against

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

Defendants Light Efficient Design ("Light Efficient Design") and Electrical Wholesale Supply Co., Inc. ("Electrical Wholesale") (collectively "Defendants") as follows:

## PARTIES

1. Plaintiff CAO Lighting, Inc. is a corporation with its principal place of business at 4628 West Skyhawk Drive, West Jordan, UT, 84084.

2. Defendant Light Efficient Design is a limited liability company with its principal place of business at 188 S. Northwest Highway, Cary, IL, 60013.

3. Defendant Electrical Wholesale Supply Co., Inc. is a corporation with its principal place of business at P.O. Box 51980, 1355 Fremont Avenue, Idaho Falls, ID, 83405-1980.

## JURISDICTION AND VENUE

4. This is a civil action for patent infringement under the patent laws of the United States and, more specifically, under Title 35 U.S.C. §§271, 281, 283, 284 and 285.  Jurisdiction in this Court is founded upon 28 U.S.C. §§1338(a) and 1331.

5. This Court has personal jurisdiction over Light Efficient Design and Electrical Wholesale Supply Co., Inc. because they have committed and continue to commit acts of direct patent infringement in this district as alleged in this complaint.

6. The venue is proper in this district pursuant to 28 U.S.C. §§1400(b) and 1391(b) and (c).

## BACKGROUND OF PATENT AT ISSUE

7. On August 24, 2001 CAO filed a U.S. Non-Provisional Utility Application (United States Application Serial No. 09/939,340).

8. The United States Application issued as United States Patent 6,465,961 ("the '961 Patent") on October 15, 2002, a copy of which is attached hereto as Exhibit A.

9. An Ex-Parte Reexamination Certificate (10279th) issued for the '961 Patent on September 2, 2014, in which claims 21-103 were determined to be patentable. A copy of the Certificate is attached hereto as Exhibit B.

10. The invention of the '961 patent is directed to a semiconductor lightsource, such as an LED chip, laser chip, or LED chip array, using a heat sink with a plurality of panels.

11. The '961 Patent has not expired and is currently in full force and effect.

12. CAO owns all rights, title, and interest in '961 Patent.

13. Claim 21 of the '961 Patent depends from canceled or disclaimed claim 8, which further depends from claim 7, which in turn depends from claim 1. Claim 21 therefore includes all of the limitations of claims 1, 7, and 8 and recites:

### Claim 1

Claim 1: A semiconductor light source for emitting light to illuminate a space used by humans, the semiconductor light source comprising:
- an enclosure, said enclosure being fabricated from a material substantially transparent to white light,
- an interior volume within said enclosure,
- a heat sink located in said interior volume,
- said heat sink being capable of drawing heat from one or more semiconductor devices,
- said heat sink having a plurality of panels on it suitable for mounting semiconductor devices thereon,
- said panels on said heat sink being oriented to facilitate emission of light from the semiconductor light source in desired directions around the semiconductor light source,
- at least one semiconductor chip capable of emitting light mounted to one of said panels,
- said semiconductor chip being capable of emitting monochromatic light,
- said semiconductor chip being selected from the group consisting of light emitting diodes, light emitting diode arrays, laser chips, LED modules, laser modules, and VCSEL chips, and
- a coating for converting monochromatic light emitted by said chip to white light.

### Claim 7

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

Claim 7: A device as recited in claim 1 wherein said chip includes:

> a substrate on which epitaxial layers are grown,
>
> a buffer layer located on said substrate, said buffer layer serving to mitigate differences in material properties between said substrate and other epitaxial layers,
>
> a first cladding layer serving to confine electron movement within the chip, said first cladding layer being adjacent said buffer layer,
>
> an active layer, said active layer emitting light when electrons jump to a valence state,
>
> a second cladding layer, said second cladding layer positioned so that said active layer lies between cladding layers, and
>
> a contact layer on which an electron may be mounted for powering said chip.

### Claim 8

Claim 8: A device as recited in claim 7 further comprising a first and a second reflective layers, each of said first and second reflective layers being located on opposite sides of said active layer, said reflective layers serving to reflect light emitted by said active layer.

### Claim 21

Claim 21: The semiconductor light source as recited in claim 8 wherein:

> said at least one semiconductor chip is a light emitting diode (LED) chip configured to output light at greater than about 40 milliwatts, and
>
> said LED chip is configured to emit monochromatic visible light.

14. Claims 22 through 103 all depend, directly or indirectly, from claim 21.

**Light Efficient Design's Infringement**

15. Defendant Light Efficient Design manufactures and sells products that infringe on at least claims 21-103 of the '961 Patent.

16. Defendant Electrical Wholesale Supply Co., Inc. sells products that infringe on at least claims 21-103 of the '961 Patent.

17. For example, on Electrical Wholesale's website (www.electricalwholesale.com), at least the following Light Efficient Design product is found:

COMPLAINT AND DEMAND FOR JURY TRIAL - 4



18.     Light Efficient Design manufactures, offers for sale, and sells lighting and retrofit lamps comprising LED bulbs in a variety of models intended to be installed as replacements in existing lighting fixtures.

19.     In particular, at least the 8000 Series lighting products sold by Defendants are semiconductor light sources comprising transparent enclosures, inside which one or more heat sink panels displaying one or more semiconductor chips configured to emit light on each panel are disposed.

20.     For example, on Light Efficient Design's website (www.led-llc.com), under the "Products" tab, the variety of shapes, sizes, and purpose-specific retrofit lighting devices are displayed:

COMPLAINT AND DEMAND FOR JURY TRIAL - 5



21. At least one specific example of Light Efficient Design's infringement is reflected in Model No. LED-8024E:

COMPLAINT AND DEMAND FOR JURY TRIAL - 6



22.     Light Efficient Design began manufacturing these infringing products at least as early as 2008.

23.     Light Efficient Design began marketing for sale to its customers, and the public in general, these infringing products, at least as early as 2008.

### FIRST CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. 6,465,961)

24.     The allegations of the previous paragraphs are incorporated herein.

25.     Defendants Light Efficient Design and Electrical Wholesale have directly infringed and continue to directly infringe, either literally or under the Doctrine of Equivalents, the '961 Patent by making, using, selling, and/or offering to sell LED retrofit lighting devices, said infringement being of at least Claims 21-103 of the '961 Patent, and being unlawful per 35 U.S.C. §271(a).

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

26. All of the aforementioned infringing acts by Defendants are without the permission, license, or consent of CAO.

27. Upon information and belief, such acts of infringement by Defendants have been, and continue to be, willful and deliberate, and CAO reasonably believes that such acts of infringement will continue in the future unless enjoined by this Court.

28. By reason of their aforementioned acts of infringement, Defendants have been unjustly enriched.

29. By reason of Defendants acts of infringement, CAO has suffered and continues to suffer irreparable harm and damages, including, but not limited to, reasonable royalty, lost profits, damage to CAO's goodwill and reputation, and diminution of the inherent value of the '961 Patent, in an amount to be determined at trial. Defendant's' infringement further irreparably harms CAO by encouraging others to infringe.

30. As a result of the continuing harm to CAO and the diminution of the value of the '961 Patent, CAO has no adequate remedy at law for Defendants infringement of the '961 Patent.

## DEMAND FOR JURY TRIAL

CAO demands a trial by jury on all matters herein so triable.

## PRAYER FOR RELIEF

WHEREFORE, CAO respectfully requests the Court enter judgment against Defendants as follows:

1. For a judgment holding Defendants infringe on or more claims of the '961 Patent;

2. For a preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees and attorneys, successors and assigns, and all other persons acting in concert or participation with Defendants from further infringement of the '961 Patent;

3. For an award to CAO of their damages to compensate for Defendants' infringement, pursuant to 35 U.S.C. § 284, said damages to be trebled because of Defendants' willful infringement;

4. An award of pre-judgment and post-judgment interest and costs to CAO;

5. An award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

6. For such other further relief to which this court deems CAO may be entitled in law and in equity.

DATED this 28th day of October 2016.

**ANDERSEN SCHWARTZMAN WOODARD BRAILSFORD, PLLC**

 /s/ Steven B. Andersen
Steven B. Andersen
*Attorneys for Plaintiff CAO Lighting, Inc.*